

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **JOHN J. SULLIVAN,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD84361** |
| | ) | |
| **v.** | ) | **OPINION FILED:  May 3, 2022** |
| | ) | |
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Boone County, Missouri**
The Honorable Jeff Harris, Judge

Before Division One:  Mark D. Pfeiffer, Presiding Judge, Karen King Mitchell, Judge
and Gary D. Witt, Judge

John J. Sullivan ("Sullivan"), appearing *pro se*, appeals the judgment of the Circuit

Court of Boone County ("motion court"), denying his Rule 29.15[1] Motion to Vacate, Set

Aside or Correct the Judgment or Sentence ("Rule 29.15 motion"), following an

evidentiary hearing.  Sullivan contends the motion court erred in denying his Rule 29.15

motion because the trial court in the underlying criminal case allowed him to represent

himself without making an adequate determination that Sullivan's waiver of counsel was

---

[1] Unless otherwise indicated, all rule references are to Missouri Court Rules (2020).

knowing and voluntary and without making an adequate determination of Sullivan's ability or competency to represent himself.[2]  Because Sullivan failed to provide this Court with a complete record, we must dismiss his appeal.

## Factual and Procedural History

Sullivan was found guilty, following a jury trial in which he represented himself, of two counts of statutory sodomy in the second degree, section 566.064.[3]  Sullivan was sentenced to concurrent prison sentences of seven years on each count.  Sullivan did not file a direct appeal.  Sullivan filed a timely *pro se* Rule 29.15 motion.  Sullivan's appointed counsel filed an amended 29.15 motion and argued the trial court violated Sullivan's Sixth and Fourteenth Amendment rights because the trial court did not make an adequate determination that Sullivan's waiver of counsel was knowing and voluntary, and Sullivan was prejudiced by this error.[4]  At Sullivan's request, appointed counsel withdrew from the case, and Sullivan proceeded *pro se* at the evidentiary hearing.  Following the evidentiary hearing, the motion court issued findings of fact and conclusions of law and denied Sullivan's motion.  This appeal follows.

## Analysis

Although Sullivan appears *pro se* in this appeal, "he is still generally held to the same standard as a licensed attorney."  *State v. Hinton*, 561 S.W.3d 433, 433 (Mo. App.

---

[2] Sullivan presents two points relied on in his appellate brief; however, the points are nearly identical, so we refer to Sullivan's singular argument.

[3] Unless otherwise indicated, all statutory references are to Missouri Revised Statutes (2016), as updated by supplement.

[4] Sullivan's amended 29.15 motion also incorporated several arguments asserted in Sullivan's *pro se* motion, including unprofessional conduct by the judge and prosecutor, vindictive sentencing, and that Sullivan was misled to believe witnesses would be called at trial on his behalf, among others.

W.D. 2018). "The record on appeal shall contain all of the record, proceedings, and evidence necessary to the determination of all questions to be presented by either appellant or respondent to the appellate court for decision. It is divided into two components; the legal file and the transcript." *Id.* at 433-34; Rule 30.04(a). It is Sullivan's "duty to ensure that we receive the complete record on appeal, which includes a transcript of any relevant proceeding." *Hinton*, 561 S.W.3d at 434; Rule 30.04(c)(1).

Sullivan argues on appeal that the motion court erred in denying his Rule 29.15 motion because the trial court did not adequately ensure his waiver of counsel at trial was knowing and voluntary in violation of his Sixth and Fourteenth Amendment rights. In support of his appeal, Sullivan provided a legal file containing certified copies of some relevant documents. However, Sullivan failed to include a transcript of the underlying jury trial or the evidentiary hearing on the Rule 29.15 motion. Without the transcript from the evidentiary hearing and the underlying criminal trial, "we are unable to subject [Sullivan's] claim to meaningful review." *See Hinton*, 561 S.W.3d at 434. We are unable to determine if the trial court did or did not adequately ensure that Sullivan's waiver of counsel was knowing and voluntary without the ability to review the transcript to determine what actions the trial court took to make its determination that the waiver was knowing and voluntary.[5] Therefore, we must dismiss his appeal.

---

[5] In his brief, Sullivan acknowledges that on October 26, 2016 he signed a written waiver of counsel as required by Section 600.051. Further, so Mr. Sullivan does not believe that he lost an otherwise valid claim based on his failure to comply with the rule requiring him to file a transcript of the proceedings with this court, a copy of the transcript was recovered from the trial court's electronic record. The trial court carefully questioned Mr. Sullivan for over seventeen pages of transcript regarding his waiver of counsel. A review of that transcript shows careful compliance by the trial court with the requirements of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

## Conclusion

Appeal dismissed.

_____
Gary D. Witt, Judge

All concur